IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE UNITED STATES OF AMERICA
    -Plaintiff,

v.

VICTOR LEGORETTA-TORRES, pro se
    -Defendant,

Case #: CR-19-00248-003-D

FILED
JAN 16 2024
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

MOTION FOR A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. §3582
AND AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES

INTRODUCTION

    Victor Legoretta-Torres comes before this honorable court as a pro se litigant requesting a reduction in sentence pursuant to Amendment 821 (B) of the United States Sentencing Guidelines (USSG). This amendment was deemed by congress to be retroactive and in effect as of November 1, 2023.

In Amendment 821 (B) the United States Sentencing Commission (USSC) amended the USSG to reflecy a two point sentence guideline reduction for those inmates who are categorized as a criminal history level of (I) yet had no prior qualifying criminal history. The commission is attempting to correct that a defendant with no criminal history is sentenced the same as a defendant with prior felony convictions.

    In Amendment 821 (B) the amended guideline provides for specific exemptions to the application of this reduction. Legoretta does not meet any of the exclusionary criteria, and therefore should be resentenced under §1B1.10 of the USSG to a sentence in the newly calculated range.

REQUEST FOR APPOINTMENT OF COUNSEL

    As this motion directly effects Legoretta's criminal conviction and ultimately his life and liberty the court is asked under 18 U.S.C. §3006 to appoint counsel for any additional filings or needs related to this

action.

## Discussion

Legoretta was sentenced in this court for violations of 21 U.S.C. §846 and §841 (B)(1)(A) to a term of imprisonment of 126 months followed by 5 years of supervised release. This wax a guideline sentence without a mandatory minimum being a factor. At the time of sentencing legoretta had no prior criminal history that would exclude him from the requested reduction.

A filing of this nature is to be considered under 1B1.10 of the United States Sentencing Guidelines which states in section (a) entitle Authority (1)

> "In General - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582 (c)(2). As required by 18 U.S.C. §3582 (c)(2, and such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."

As such it is clear that the sentencing range has been amended by Amendment 821 (B) to allow this court to reduce Legoretta's term of imprisonment. 1B1.10 does impose some limitation on the range the court can reduce a defendant's term of imprisonment. In Section 2 B1.10 states:

> "Limitation- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C.§3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. "

In this instance legoretta is merely asking the court to reduce his sentence to an appropriate term of imprisonment under the new sentencing guideline range reflecting the 2 point reduction for him not having any criminal history at the time of sentencing.

The court as in all sentences is asked to consider the relevant

factors as defined by 18 U.S.C.§3553(A). The court used these same factors in establishing Legoretta's original term of imprisonsment. The Court is now asked to consider not only these original factors but also Legoretta as he is today some 2 years late. He has been in the custody of the Federal Bureau of Prisons since August 20, 2019 until present. During that time both on "pretrial" and after the imposition of his sentence he has remained discipline free and been a model inmate. Unfortunately, the changes to the Bureau of Prison operations caused by the COVID-19 crisis has limited his ability to participate in many rehabilitative programs. However, like much of the world as things return to normal he intends to take advantage of every program the BOP makes available to him . The Bureau of Prisons PATTERN Score (FSA Recidivism Risk Assessment) places Legoretta as a low risk of recidivism, and has successfully completed the BOP's financial responsibility Program. He has enrolled in voactional training in Home Improvement.

It is clear that Legoretta has developed a respect for the law and is attempting to change his previous behaviors. He is slated to be deported upon the completion of his sentence.

A reduction of sentence to reflect the lower end of the newly calculated sentencing guidelines would not only be appropriate but would also meet the needs of justice in this case.

## Conclusion

Legoretta is eligible for the two point reduction as provided by Amendment 821(b) and should be have his sentence reduced to the minimum of the newly calculated sentencing range.

Respectfully Submitted this 2nd Day of January, 2024


Victor Legoretta-Torres

## CERTIFICATE OF SERVICE

Victor Legoretta-Torres, pro se does hereby swear under penalty of perjury that a true and accurate copy of this motion for a reduction in sentence has been sent to:

United States Attorney's Office
200 Northwest Fourth Street
Oklahoma City, OK 73102

via United States Postal Service first class mail- Postage Paid throught the inmate legal mail system at FCI Danbury where he is currently incarcerated on this 2nd Day of January, 2024.

Respectfully,

*[signature]*
Victor Legoretta-Torres, pro se